O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiff:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

Defendant Wells Fargo Bank moves to dismiss Plaintiffs' First Amended Complaint.[1] For the reasons stated below, the Court GRANTS Defendant's motion in part and DENIES it in part. To the extent that leave to amend is granted, the Court cautions Plaintiffs and their counsel to comply fully with the requirements of Fed. R. Civ. P. 11.

## I.   BACKGROUND

Plaintiffs Eric M. Cross and Venita K. Cross own real property in Victorville, California. Plaintiffs borrowed money from Wells Fargo in May 2006 and their loan was secured by a deed of trust on the Victorville property. On February 14, 2011, facing an impending foreclosure, Plaintiffs filed this suit in state court. Notice of Removal ("NOR") at Ex. A, ¶ 15-16.

Defendant Wells Fargo removed Plaintiffs' case to this Court on March 15, 2011, on the basis of federal question jurisdiction as well as diversity jurisdiction. NOR, Dkt. 1. On March 22, 2011, Defendant filed a motion to dismiss. Dkt. 7. Plaintiffs filed a First Amended Complaint on April 11, 2011, thereby mooting that motion. Dkt. 15, 16. The First Amended Complaint is the current operative complaint.

The First Amended Complaint alleges a total of seventeen causes of action for: (1) violation of Cal. Civil Code § 2923.5; (2) unjust enrichment; (3) Real Estate Settlement

---

[1] Dkt. No. 17.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

Procedures Act ("RESPA") violations, 12 U.S.C. § 2601 et seq.; (4) fraud and concealment; (5) breach of contract; (6) quiet title; (7) declaratory and injunctive relief; (8) slander of title; (9) intentional infliction of emotional distress; (10) violation of the Federal Fair Debt Collection Practices Act ("FDCPA"); (11) violation of California Bus. & Prof. Code § 17200 et seq. ("UCL"); (12) violation of the Home Ownership Equity Protection Act ("HOEPA"); (13) violation of the Fair Credit Reporting Act ("FCRA"); (14) fraudulent misrepresentation; (15) breach of fiduciary duty; (16) civil conspiracy; and (17) civil RICO.  Wells Fargo filed this motion to dismiss on May 2, 2011.  Dkt. 17.

## II.     LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III. DISCUSSION

### A. California Civil Code § 2923.5 (First Cause of Action)

California Civil Code § 2923.5 states that, before filing a notice of default, lenders must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." In this case, the parties agree that they discussed alternatives to foreclosure, but Plaintiffs argue that they, and not Wells Fargo, initiated all these discussions. According to Plaintiffs, the statute requires the lender to initiate contact.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

California Courts have not resolved this question but in at least one unpublished decision, the California Court of Appeal found that § 2923.5 is not satisfied by borrower-initiated communications.[2] *Johnson v. Super. Ct.*, No. 30-2010-00342645, 2010 WL 2895611, at *3 (Cal. Ct. App. July 26, 2010). In *Johnson*, the court explained that the language of the statute requires the lender to initiate the contact. This appears to be correct; the statute states that the "[lender] *shall contact* the borrower." Cal. Civ. Code § 2923.5. Furthermore, as the court explained, § 2923.5(h) provides a lender certain excuses for not initiating contact—borrower-initiated communication is not one of these excuses.

Because it is willing to proceed on the basis that it should defer to the language of the statute—and not because it makes much sense—the Court finds that Plaintiffs have alleged facts sufficient to state a claim under § 2923.5.

### B.     Unjust Enrichment (Second Cause of Action)

According to Plaintiffs, once Wells Fargo sold their loan "through securitization or other means," it no longer had a right to receive loan payments. FAC ¶ 32. As a result, Plaintiffs claim, "Defendant Wells Fargo has no interest in Plaintiffs' mortgage, so payments made to Wells Fargo . . . constitute unjust enrichment." *Id.*

Unjust enrichment requires receipt of a benefit and unjust retention of the benefit at the expense of another. *First Nationwide Savings v. Perry*, 15 Cal. Rptr. 2d 173, 176 (Cal. Ct. App. 1992). California courts "appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) (Alsup, J.). But even assuming, *arguendo*, that unjust enrichment is an independent claim, Plaintiffs have nonetheless failed to state such a claim.

Plaintiffs admit that they borrowed money from Wells Fargo. Their only claim is that Wells Fargo entered into a subsequent transaction with someone else that fully compensated Wells Fargo for the money it lent Plaintiffs. These allegations do not state a

---

[2] The Court acknowledges that *Johnson* is unpublished and therefore may not be cited. The Court, however, is not relying on the legal authority in *Johnson* but on the persuasive arguments therein.

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

claim for unjust enrichment because Plaintiffs cannot show that Wells Fargo is retaining anything at *Plaintiffs' expense*. If Wells Fargo entered into a contract with a third party that fully compensated Wells Fargo for Plaintiffs' loan, then *that* third party, and not Plaintiffs, might have standing to pursue an unjust enrichment claim.

This claim is dismissed with prejudice.

### C. RESPA (Third Cause of Action)

Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., by failing to respond to Plaintiffs' Qualified Written Request, which was sent on October 18, 2010. FAC ¶ 36.

If a servicer fails to respond to a qualified written request, the borrower may bring suit, but only to recover actual damages. § 2605(e). Here, Plaintiffs do not sufficiently allege any actual damages. Plaintiffs simply claim that they "suffer actual damages in that they are unable to ascertain the basis for Defendants' claims to their property." FAC ¶ 38. This allegation does not support anything more than the sheer possibility that Defendants' alleged failure to respond to a Qualified Written Request caused some confusion, not damages.

Plaintiffs also allege that "Defendants have engaged in a practice of non-compliance with RESPA." FAC ¶ 38. If true, this claim could entitle Plaintiff to statutory damages. § 2605(e). However, again, Plaintiffs' claims are entirely conclusory and are dismissed, this time with leave to amend.

### D. Fraud and Concealment (Fourth Cause of Action), Fraudulent Misrepresentation (Fourteenth Cause of Action), and Civil Conspiracy (Sixteenth Cause of Action)

1. <u>Fraud & Fraudulent Misrepresentation</u>

Plaintiffs claim that Wells Fargo defrauded Plaintiffs by (1) failing to verify Plaintiffs' income, (2) failing to disclose that Wells Fargo did not follow "sound" underwriting practices, (3) failing to disclose that Plaintiff would not be able to afford the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

payments required by the loan, and (4) failing to disclose that Wells Fargo intended to resell Plaintiffs loan.  FAC ¶¶ 40–44.  None of these arguments has merit.

"The elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e. to induce reliance); (4) justifiable reliance; and (5) resulting damage.'"  *Anderson v. Deloitte & Touche LLP*, 56 Cal. App. 4th 1468, 1474 (1997).  A failure to disclose is ordinarily not actionable fraud unless there is a statutory or fiduciary duty to disclose.  5 Witkin, Summary of Cal. Law, § 793 (10th ed. 2005).

Plaintiffs have not pled sufficient facts to state a claim for fraud or misrepresentation.  None of Plaintiffs' claims raise a plausible inference that Wells Fargo knew that its statements were false. In addition Plaintiffs do not plausibly allege that Wells Fargo intended to induce reliance in failing to disclose these facts.  Plaintiffs also do not allege any reason why Wells Fargo had a duty to disclose any of this information.  Finally, Plaintiffs cannot claim that Wells Fargo defrauded them by failing to verify Plaintiffs' income because this failure does not involve any misrepresentation on Wells Fargo's part.  If anything, the failure to provide accurate income involves a misrepresentation by Plaintiffs.  Accordingly, Plaintiffs' fraud and fraudulent misrepresentation claims are dismissed, but with leave to amend.

### 2.   Civil Conspiracy

Plaintiffs allege that "Defendants," in breach of their respective fiduciary duties, conspired amongst themselves to defraud Plaintiffs.  FAC ¶¶ 118, 120.  Plaintiffs fail to allege any facts whatsoever regarding this conspiracy.  The Supreme Court has explained that "bare assertion[s]" of conspiracy are not sufficient to survive a motion to dismiss.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  This claim is dismissed with prejudice.

### E.   Breach of Contract (Fifth Cause of Action)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

Plaintiffs allege that Wells Fargo breached three trial loan modification agreements, executed some time between February and May of 2010. FAC ¶¶ 46-48. According to Plaintiffs, "on or about 2009 - 2010," the parties "signed three loan modification agreements. The substantive terms of the loan modification agreements were: that Plaintiffs make their trial modification payments per agreement and [Defendant] will give them a permanent modification agreement." FAC ¶¶ 48-49.

Plaintiffs' allegations are insufficient to state a claim for breach of contract. By not providing the terms of the written agreements, Plaintiffs have not provided facts sufficient to state a claim for breach of contract. California law bolsters this conclusion. Under California law, a party claiming breach of contract must allege facts to support the existence and the essential terms of the contract at issue. *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991). "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985). Accordingly, Plaintiffs breach of contract claim is dismissed with leave to amend.

### F.   Quiet Title (Sixth Cause of Action)

Plaintiffs seek to quiet title against the claims of Defendant "and all persons claiming any legal or equitable right, title, estate, lien or adverse interest in the Property . . . ." FAC ¶ 53. Plaintiffs allege that they are the titleholders to the property pursuant to the Grant Deed, and that because Defendant "securitized Plaintiffs' single-family residential mortgage loan. . . .the lawful beneficiary has been paid in full" and Defendant has "no right, title estate, lien, or interest in the Property." *Id.* ¶¶ 54-56.

The basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Fin., Inc.*, No. 2:09-CV-01012, 2009 WL 2151782, at *4 (E.D. Cal. July 17, 2009), *quoting Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

Plaintiffs fail to provide evidence of having satisfied their obligations under the Deed of Trust. To the contrary, Plaintiffs state that they will "not be able to afford the payments required by their loan" and "that the current economic crisis ha[s] dramatically affected their ability to do so." *Id.* ¶ 41; Opposition at p. 9. Plaintiffs' allegation that they hold title to the property pursuant to the Grant Deed does not allege a valid basis for Plaintiffs' rightful ownership where Plaintiffs concede they defaulted on the loan in question. *Gaitan*, 2009 WL 3244729, at *12 ("Since Plaintiff concedes he has not paid the debt secured by the mortgage, he cannot sustain an action to quiet title[.]"); *Watson*, 2009 WL 2151782, at *4 (quiet title claim dismissed where "Plaintiff has not paid the debt secured on his loan, nor has he shown a reasonable probability of success on the merits"). Accordingly, Plaintiffs' claim for quiet title is dismissed with prejudice.

### G.    Declaratory and Injunctive Relief (Seventh Cause of Action)

#### 1.    Declaratory Relief

Plaintiffs pray for declaratory relief through "a judicial determination of their rights and duties as to the validity of the promissory note and deed of trust, and Defendants' rights to proceed with nonjudicial foreclosure on the Property." FAC ¶ 60.

Courts should not dismiss a "properly pled cause of action for declaratory relief merely because the controversy between the parties spills over into other causes of action." *S. Cal. Edison Co. v. Super. Ct.*, 44 Cal. Rptr. 2d 227, 231 (Cal. Ct. App. 1995). "When other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

Here, as discussed above, Plaintiffs may have a claim under California Civil Code § 2923.5. As a result, there is an actual controversy between the parties and the Court declines to dismiss the declaratory relief claim at this time.

#### 2.    Injunctive Relief

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

Assuming that the house has not already undergone a foreclosure sale,³ Plaintiffs ask the Court to enjoin Defendants' foreclosure proceedings. A party seeking injunctive relief must demonstrate a likelihood of success on the merits, a likelihood of irreparable harm in the absence of an injunction, that the balance of equities tips in the party's favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24-25 (2008).

Plaintiffs have failed to demonstrate a likelihood of success on the merits. To the contrary, Plaintiffs concede that they are unable to pay for the loan and provide various documents of public record which indicate that Defendant may be entitled to foreclose on their home. *See* FAC at Ex. 3 ¶¶ 18, 22. Accordingly, Plaintiffs' injunctive relief claim is dismissed with leave to amend.

### H.   Slander of Title (Eighth Cause of Action)

Plaintiffs' cause of action for slander of title is based on the allegation that Defendant "published matters which were untrue and disparaging to Plaintiffs' right to title in the subject property." FAC ¶ 66.

A sufficiently stated claim for slander of title must allege that defendants knowingly published a false document, "without privilege or justification and thus with malice, express or implied," which results in pecuniary loss to the claimant. *Howard v. Schaniel*, 169 Cal. Rptr. 678, 682 (Cal. Ct. App. 1980).

Plaintiffs do not explain which false documents were published by Defendant, and instead provide conclusory allegations that the publications "were unjustified and without privilege in that Defendants do not have any right to foreclose on the subject property because they are not a beneficiary" under the Note. FAC ¶¶ 67, 70. Plaintiffs fail to provide any facts as to the identity or content of the alleged publications.

Additionally, Plaintiffs' claim for slander of title is insufficient because a cause of action for slander requires that Plaintiffs aver "that they are willing or able to tender the undisputed amount they owe[.]" *Bouyer v. Countrywide Bank*, No. C 08-5583, 2009 U.S.

---

³ It is not clear from the complaint whether the foreclosure sale has taken place.

Case 5:11-cv-00447-AHM -OP   Document 30   Filed 12/09/11   Page 10 of 15   Page ID #:429

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

Dist. LEXIS 53940, at *18 (N.D. Cal. June 25, 2009) (Hamilton, J.). As Plaintiffs acknowledge they are unable to afford payments under the loan, and do not allege their willingness to tender the amount, their allegations for slander of title fails. Accordingly, the Court dismisses this claim without leave to amend.

### I.    Intentional Infliction of Emotional Distress (Ninth Cause of Action)

Under California law, a cause of action for intentional infliction of emotional distress requires that the claimant show "defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society." *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000).

Plaintiffs allege that Defendant intentionally inflicted emotional distress upon Plaintiffs in their "extreme and outrageous conduct," but do not provide any facts beyond that they "have suffered severe emotional distress of $10,000,000.00." FAC ¶¶ 72, 75. In the absence of providing "any facts which indicate the nature or extent of any mental suffering incurred," Plaintiffs' claim necessarily fails. *Bogard v. Emp'rs Cas. Co.*, 210 Cal. Rptr. 578, 588 (Cal. Ct. App. 1985). Accordingly, Defendant's Motion to Dismiss Plaintiffs' claim for intentional infliction of emotional distress is granted. Given the circumstances—this is a financial transaction—there is no leave to amend.

### J.    Federal Fair Debt Collection Practices Act (Tenth Cause of Action)

Plaintiffs allege that Wells Fargo violated section 1692e of the Fair Debt Collection Practices Act ("FDCPA"), which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA defines "debt collector" to exclude "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *originated by such person*[.]" § 1692a(6)(F)(ii) (emphasis added). Plaintiffs' FAC, and several of the attached exhibits of public record, state that Defendant originated Plaintiffs' loan. *See* FAC ¶ 11, Ex. 2-3. Defendant is therefore precluded from liability under the FDCPA.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

Further, Plaintiffs allege that Defendant violated the FDCPA when it "falsely represented the status of the debt, specifically, claiming that the debt was due and owing to Defendants when in fact it was not." FAC ¶ 78. In alleging that the debt on Plaintiffs' loan was not due, Plaintiffs contradict the alleged facts in various other causes of action of their FAC, including that Plaintiffs defaulted on their loan and are unable to continue making payments. For the reasons stated above, Plaintiffs' FDCPA claim is dismissed without leave to amend.

### K.   UCL (Eleventh Cause of Action)

Plaintiffs allege that Defendant violated the UCL through its wrongful actions and misleading statements "in marketing the loan to Plaintiffs," causing them to believe they "can afford and/or qualify for loans when in fact they cannot." FAC ¶¶ 81, 83. Actions to enforce claims under the UCL must be "commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Plaintiffs commenced their cause of action almost five years after they were allegedly deceived into executing the loan on May 3, 2006 (see FAC ¶ 11), and the FAC alleges no facts that would justify equitably tolling the statute of limitation. Therefore, Plaintiffs claims under the UCL are time barred. Defendant's Motion to Dismiss this claim is GRANTED without prejudice.

### L.   HOEPA (Twelfth Cause of Action)

Plaintiffs allege Defendant violated the Home Ownership Equity Protection Act ("HOEPA") by failing to make mandatory disclosures prior to Plaintiffs' execution of the loan, and by extending credit to Plaintiffs without regard to their ability to comply with the payment agreements. 15 U.S.C. § 1639. Plaintiffs claim they are entitled to rescind the transaction pursuant to § 1635, and to collect damages under § 1640.

Defendant is not liable under § 1639 of HOEPA, which applies only to "a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction* . . . ." § 1602(aa)(1) (emphasis added). Plaintiffs' loan is a residential mortgage transaction, defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

§ 1602(w). Plaintiffs explicitly allege that the loan at issue in this suit was taken to finance the purchase of their home. FAC ¶ 11. Accordingly, Plaintiff may not bring actions against Defendant for HOEPA violations and Defendant's Motion to Dismiss these claims is granted with prejudice. *See Tanuvasa v. F.D.I.C.*, 2009 WL 3108568, *3 (C.D. Cal. Sept. 23, 2009) (holding that § 1639 does not apply where the Plaintiff explicitly alleges that the loan at issue was taken to finance her purchase of her home); *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, 2010 WL 5394859, *4 (E.D. Cal. Dec. 21, 2010).

### M.   FCRA (Thirteenth Cause of Action)

Plaintiffs allege that Wells Fargo violated the Fair Credit Reporting Act ("FCRA") because it "wrongfully, improperly, and illegally reported negative information as to the Plaintiffs to one or more Credit Reporting Agencies, resulting in Plaintiffs having a negative [sic] information on their credit reports and the lowering of their FICO scores." FAC ¶ 100. Plaintiffs allege violations of 15 U.S.C. §§ 1681s-2(b), 1681o, and 1681n(a)(2).

A private right of action to enforce § 1681s-2(b) may be brought only when a furnisher of information receives notice of a dispute from a credit reporting agency that has itself received notice of a dispute from the borrower. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009); *accord Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1146 (N.D. Cal. 2005). The allegations here do not satisfy that requirement. And if a private right of action is not proper under § 1681s-2(b), then it is not proper under §§ 1681o and 1681n either. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002).

Here, Plaintiffs fail to state a claim under these sections because they do not allege that they disputed their credit ratings with any credit reporting agencies and do not allege that any agency subsequently notified Defendant of any such dispute. Thus, Plaintiffs do not have a private right of action under the FCRA, but Defendant's Motion to Dismiss is granted with leave to amend as to this claim.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

### N. Breach of Fiduciary Duty (Fifteenth Cause of Action)

Plaintiffs allege that Defendant breached its fiduciary duty to Plaintiffs by originating a loan "which was contrary to Plaintiffs' stated intentions; contrary to the Plaintiffs' interests; and contrary to the Plaintiffs' preservation of their home." FAC ¶ 113.

A lender or creditor is not a borrower's fiduciary and does not owe the borrower a fiduciary's duty of care. *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 283 Cal. Rptr. 53, 54 (Cal. Ct. App. 1991) ("a financial institution acting within the scope of its conventional activities as a lender of money owes no duty of care to a borrower in preparing an appraisal of the security for a loan when the purpose of the appraisal simply is to protect the lender by satisfying it that the collateral provides adequate security for the loan"). Accordingly, Plaintiffs' claim fails and Defendant's Motion to Dismiss the claim for breach of fiduciary duty is granted with prejudice.

### O. Civil RICO (Seventeenth Cause of Action)

Plaintiffs allege that Defendant has violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") up "to the present, with the injuries and damages resulting therefrom being continuing." FAC ¶ 126. Plaintiffs' RICO claim is deficient, however, for a number of reasons, including that it does not allege with specificity the predicate acts of racketeering activity and does not allege a pattern of racketeering activity.

To state a cause of action under RICO, 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004), *citing Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989). Plaintiffs' RICO allegations consist of the following:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

> Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specially designed to defraud Plaintiffs constitutes an "enterprise," with the aim and objective of the enterprise being to perpetuate a fraud upon the Plaintiffs through the use of intentional nondisclosure; [sic] material misrepresentation, and creation of fraudulent loan documents.  Each of the Defendants is an "enterprise Defendant".  As a direct and proximate result of the actions of the Defendants, Plaintiffs have and continue to suffer damages.

FAC ¶¶ 125-29.

These allegations fail to meet the particularity requirements for a RICO claim because they fail to "state the time, place, and specific content of the false representations." Moreover,  the predicate acts of intentional nondisclosure, material misrepresentation, and the creation of fraudulent loan documents are only conclusorily alleged.  In addition, there is no sufficient allegation of a pattern of racketeering activity. The Court accordingly grants Defendants' Motion as to Plaintiffs' civil RICO cause of action with leave to amend.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part the Motion to Dismiss.[4]

The following causes of action are DISMISSED with leave to amend: (1) RESPA violations (third cause of action); (2) fraud (fourth cause of action); (3) breach of contract (fifth cause of action); (4) injunctive relief (seventh cause of action); (5) UCL violations (eleventh cause of action); (6) FCRA (thirteenth cause of action); (7) fraudulent misrepresentation (fourteenth cause of action); and (8) civil RICO (seventeenth cause of action).

The following causes of action are dismissed with prejudice: (1) unjust enrichment

---

[4] Dkt. 17.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00447 AHM (OPx) | Date | December 9, 2011 |
|---|---|---|---|
| Title | ERIC M. CROSS, et al. v. WELLS FARGO BANK, N.A., et al. | | |

(second cause of action); (2) quiet title (sixth cause of action); (3) slander of title (eighth cause of action); (4) intentional infliction of emotional distress (ninth cause of action); (5) FDCPA (tenth cause of action); (6) HOEPA (twelfth cause of action); (7) breach of fiduciary duty (fifteenth cause of action); and (8) civil conspiracy (sixteenth cause of action);

The following causes of action survive Wells Fargo's motion to dismiss: (1) Cal. Civ. Code § 2923.5 (first cause of action) and (2) declaratory relief (seventh cause of action).

Plaintiffs may file a Second Amended Complaint ("SAC") by not later than December 28, 2011. Failure to file a Second Amended Complaint will result in dismissal of all claims except for Plaintiffs' declaratory relief claim and claim under Cal. Civ. Code § 2923.5.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

                                                                             :
Initials of Preparer      smo